Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| G & G Closed Circuit Events, LLC, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| David Antonio Salazar, individually and d/b/a Jocko's Pub; and Jocko's Pub Inc., an unknown business entity d/b/a Jocko's Pub, | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

**<u>JURISDICTION</u>**

1.      Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The

Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq,* and California B&P Section 17200, a California state statute.

2.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.    This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California constituting an unfair business practice in violation of the law, including specific California state statutes, more particularly set forth below.

## **VENUE**

4.    Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Central District of California, because a substantial part of the events or omissions giving rise to the

claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of California (28 U.S. C. § 1391(b) and 28 U.S.C. § 84(c)(1)).

## **INTRADISTRICT ASSIGNMENT**

5.      Assignment to the Eastern Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino County and/or, the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## **THE PARTIES**

6.      Plaintiff, G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.      At all times relevant hereto, including on Saturday, August 21, 2021, Defendant David Antonio Salazar was specifically identified as the owner and licensee on the California Department of Alcoholic Beverage Control License (ABC #590224) issued for Jocko's Pub.

8.      At all times relevant hereto, including on Saturday, August 21, 2021, Defendant Jocko's Pub Inc. was an owner, and/or operator, and/or licensee, and/or

permittee, and/or entity in possession, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Jocko's Pub operating at 13622 Bear Valley Road, #13, Victorville, CA 92392.

9.      On August 2, 2021, Defendant David Antonio Salazar, as manager / member of Jocko's Pub LLC (California Secretary of State Entity No. 201835210368), filed Articles of Incorporation with Statement of Conversion with the California Secretary of State that converted Jocko's Pub LLC to Jocko's Pub Inc. (California Secretary of State Entity No. C4773288).

10.     Prior to the conversion of Jocko's Pub LLC to Jocko's Pub Inc., Defendant David Antonio Salazar was the Chief Executive Officer of Jocko's Pub LLC, as well as its sole manager / member.

11.     On January 20, 2022, Defendant David Antonio Salazar filed a Statement of Information with the California Secretary of State on behalf of Jocko's Pub Inc., in which Defendant David Antonio Salazar is identified as Chief Executive Officer, Secretary, Chief Financial Officer, and Director of Jocko's Pub Inc.

12.     Plaintiff is informed and believes, and alleges thereon that on Saturday, August 21, 2021 (the night of the *Program* at issue herein, as more specifically defined in

Paragraph 20), Defendant David Antonio Salazar  was the Chief Executive Officer, Secretary, Chief Financial Officer, and Director of Jocko's Pub Inc.

13.    Plaintiff is informed and believes, and alleges thereon that on Saturday, August 21, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant David Antonio Salazar  had the right and ability to supervise the activities of Jocko's Pub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

14.    Plaintiff is informed and believes, and alleges thereon that on Saturday, Saturday, August 21, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant David Antonio Salazar, as an individual had the obligation to supervise the activities of Jocko's Pub Inc., which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Jocko's Pub operated lawfully at all times.

15.    Plaintiff is informed and believes, and alleges thereon that on Saturday, August 21, 2021, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant David Antonio Salazar specifically directed or permitted the employees of Jocko's Pub to unlawfully intercept, receive, and publish Plaintiff's

*Program* at Jocko's Pub, or intentionally intercepted, received, and published the *Program* Jocko's Pub himself. The actions of the employees of Jocko's Pub are directly imputable to Defendant David Antonio Salazar by virtue of his acknowledged responsibility for the operation of Jocko's Pub.

16.    Plaintiff is informed and believes, and alleges thereon that on Saturday, August 21, 2021, Defendant David Antonio Salazar, as officer of Jocko's Pub Inc., and as an individual specifically identified as an owner and licensee on the California Department of Alcoholic Beverage Control License (#590224) for Jocko's Pub had an obvious and direct financial interest in the activities of Jocko's Pub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

17.    Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by David Antonio Salazar resulted in increased patronage for Jocko's Pub.

18.    On Saturday, August 21, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Jocko's Pub sold food and alcoholic beverages to its patrons.

### COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

19.     Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Manny Pacquiao v. Yordenis Ugas* boxing event telecast nationwide on Saturday, August 21, 2021 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

21.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

22.     The Program could only be exhibited in a commercial establishment in California if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

23.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

24.     The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

25.     On Saturday, August 21, 2021, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program* at Jocko's Pub. Defendants also divulged and published said communication, or assisted or permitted in divulging and publishing said communication to patrons within Jocko's Pub.

26.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions  of employees or agents directly imputable to Defendants (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at  commercial establishment located at 13622 Bear Valley Road, #13, Victorville, CA 92392.

27.     Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

28.     Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

29.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendant David Antonio Salazar, contributorily or vicariously.

30.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

31.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

(a)   Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

(b)   Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c)   The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## <u>COUNT II</u>

### **(Violation of Title 47 U.S.C. Section 553)**

32.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-31, inclusive, as though set forth herein at length.

33.    47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

34.    The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. §553, *et seq.*

35.    By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant David Antonio Salazar, contributorily or vicariously.

36.    By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

37.    As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

    (c)    The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

    (d)    In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## COUNT III

### (Conversion)

38.    Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-37, inclusive, as though set forth herein at length.

39.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

40.     The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events, LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

41.     Accordingly, Plaintiff G & G Closed Circuit Events, LLC, is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

## **COUNT IV**

**(Violation of California Business and Professions Code Section 17200, *et seq.*)**

42.     Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-24, inclusive, as set forth herein at length.

43.    By contract, Plaintiff G & G Closed Circuit Events, LLC, was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

44.    Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

45.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants by virtue of their respective positions and authority, did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the real time transmission of the *Program's* broadcast at the commercial establishment, as more particularly indicated and identified above.

46.    Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendants, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

47.    The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

48.    The aforementioned unlawful acts of each of the Defendants constituted unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendants violated California and Professions Code Section 17200, *et seq.*

49.    As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

50.    By reason of the Defendants' violation of California Business and Professions Code Section 17200, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, well as injunctive and declaratory relief, as an alternative to any damages and relief that may be recoverable for Counts I-III for which there is no adequate

remedy at law, from the Defendants as may be made more appropriately determined at trial.

51.    Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code Section 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.    For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2.    For reasonable attorneys' fees as mandated by statute;

3.    For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1.    For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2.    For reasonable attorneys' fees as may be awarded in the Court's

discretion pursuant to statute;

3.    For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.    For compensatory damages in an amount according to proof against the Defendants, and  each of them;

2.    For exemplary damages against the Defendants, and each of them;

3.    For punitive damages against the Defendants, and each of them;

4.    For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5.    For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6.    For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1.    For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains;

2.    For declaratory relief;

3.    For prohibitory and mandatory injunctive relief;

4.    For reasonable attorneys' fees as may be awarded in the Court's

discretion pursuant to statute;

5.    For all costs of suit, including, but not limited to, filing fees, service

of process fees, investigative costs; and

6.    For such other and further relief as this Honorable Court may deem just

and proper.

Respectfully submitted,

Date:  June 20, 2022          */s/ Thomas P. Riley*
                              **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                              By:  Thomas P. Riley
                              G & G Closed Circuit Events, LLC